**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| H.B., a minor, individually, and as successor in interest to Michelle Lee Shirley, by and through his Guardian Ad Litem, Ronnie Shirley,<br>        Plaintiff-Appellee,<br>  v.<br><br> CITY OF TORRANCE, a California municipal entity; MARK MATSUDA, Police Chief; DUSTY GARVER, AKA Doe 1; JASON SENA, AKA Doe 2; SCOTT NAKAYAMA, AKA Doe 3,<br>        Defendants-Appellants,<br> and<br><br> TORRANCE POLICE DEPARTMENT, a California municipal entity; DOES, 1-100, inclusive,<br>        Defendants. | No.   18-56180<br><br> D.C. No.<br> 2:17-cv-02373-SJO-GJS<br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SILVER,[**] District Judge.

Defendants-Appellants City of Torrance police officers Jason Sena, Dusty Garver, and Scott Nakayama appeal the district court's denial of qualified immunity. We have jurisdiction over the officers' interlocutory appeal under 28 U.S.C. § 1291. *See Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014). We review the district court's conclusions regarding qualified immunity de novo. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017). We reverse.

Defendants are not entitled to qualified immunity if (1) their conduct violated a constitutional right, and (2) if that right was "clearly established" at the time of the violation. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014). Defendants are therefore entitled to summary judgment if, viewing the facts in the light most favorable to Plaintiff H.B., their conduct did not violate a constitutional right. In this case, Plaintiff claims that Defendants violated the Fourth Amendment by the use of excessive force when they shot Plaintiff's decedent. In evaluating a Fourth Amendment excessive force claim, the most important factor is whether the decedent posed a significant and immediate threat of death or serious bodily injury

[**] The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

2

to the officers, or others in the area. *Longoria v. Pinal County*, 873 F.3d 699, 705 (9th Cir. 2017).

The parties do not dispute that the situation confronting the officers is accurately depicted by several videos in the record. The videos show that the decedent drove in an erratic manner, including by swerving repeatedly into oncoming traffic, that posed a danger to members of the public in a busy metropolitan area. The videos also show that the decedent, having been boxed in by the police officers, accelerated outward in the direction of at least one of the officers, toward a lane for oncoming traffic and a nearby gas station. Because the decedent accelerated toward the officers from only a few feet away, a reasonable officer under these circumstances would have perceived the decedent's actions to constitute a significant and immediate threat to the officers in the path of her vehicle and to other members of the public who were in the vicinity. *See Plumhoff*, 572 U.S. at 775–77.

Plaintiff asserts that the decedent was in an impaired mental state that should have been obvious to the officers and should have caused them to perceive less need to use deadly force. *See Longoria*, 873 F.3d at 708. Yet even assuming Defendants should have known that the decedent was mentally impaired, that would not have rendered their conduct less reasonable in this case, because the

3

decedent posed a significant and immediate threat, leaving Defendants with no opportunity to attempt to de-escalate the situation.

Because we hold that the officers' use of deadly force was objectively reasonable at the time of the shooting, we reverse the district court's denial of qualified immunity. Plaintiff can not establish a violation of the Fourth Amendment.

In order to prevail on the state law battery and Bane Act claims, Plaintiff must demonstrate that the officers' use of force was not reasonable at the time of the shooting. *See Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under [the Bane Act] are the same as under § 1983."); *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1129 (9th Cir. 2010) ("Under California law, a plaintiff bringing a battery claim against a law enforcement official has the burden of proving the officer used unreasonable force."). Our determination that the officers' use of force was objectively reasonable "necessarily resolves" those claims. *Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000). We therefore also hold that the district court should have dismissed them.

Plaintiffs also have state law negligence and wrongful death claims. Such claims may be premised on a broader set of conduct than conduct amounting to

4

excessive force under federal law.  *See Hayes v. County of San Diego*, 305 P.3d 252, 263 (Cal. 2013) (holding that "state negligence law, which considers the totality of the circumstances surrounding any use of deadly force, is broader than federal Fourth Amendment law, which tends to focus more narrowly on the moment when deadly force is used" (citation omitted)); *Lopez v. City of Los Angeles*, 126 Cal. Rptr. 3d 706, 714 (Ct. App. 2011) ("The elements of a cause of action for wrongful death are a tort, such as negligence, and resulting death.").  A negligence claim thus could be based on negligent conduct preceding the use of force.  The record in this case contains evidence that the officers may have been negligent in positioning themselves and their vehicles so openly.  The complaint alleges that the officers acted unlawfully "prior to and at the time they shot at Ms. Shirley and her vehicle."  The district court did not consider these allegations.  We remand for it to do so.

**REVERSED AND REMANDED.**